### MILLER et al. v. PERMENTER et al.
#### No. 12226.

Court of Civil Appeals of Texas. Galveston.

Nov. 9, 1950.

Rehearing Denied Dec. 7, 1950.

D. C. Bland, of Orange, for appellant.

W. P. Sexton, of Orange, Fisher & Tonahill, Jasper (Joe H. Tonahill, Jasper, of counsel), for appellee.

GRAVES, Justice.

Lillie Permenter, and her children, through their legal representatives, filed this suit in the 128th District Court of Orange County, Texas, alleging that the defendants, E. J. Miller (appellant), and Mike Bland, were partners in conducting a place of business at the "Rainbow Nite Club", located some five miles east of Orange, Texas, that W. L. Permenter, the husband and father of the plaintiffs (appellees), visited such Rainbow Nite Club,

and while there, as a guest, was in some way injured by the agent of the defendants (E. J. Miller, and Mike Bland), and from such injury, that he died on the 19th day of September, 1948. This suit is seeking damages against these defendants (appellant and Mike Bland), alleging that the acts that caused the death of W. L. Permenter, were wrongfully inflicted by an agent of the defendants.

In due time, the defendant Mike Bland, filed his affidavit, and answer, denying the partnership, and both parties duly answered.

At the close of the plaintiffs' direct testimony, and after they had rested, the defendant, E. J. Miller, (appellant), made a motion for instructed verdict, and the defendant Mike Bland, filed his motion to be dismissed from the suit. Both these motions were refused by the Court.

The trial of the case resulted in the verdict of the jury on the 1st day of December, 1949, awarding damages for the plaintiffs in the sum of $71,800.00 against both such defendants.

On the 21st day of December, 1949, both defendants filed their Motions for Judgment Non Obstante Verdicto, which were passed by the Court, and, on the same day, Motion for Judgment was filed by the plaintiffs, and the Court rendered judgment for plaintiffs (appellees), in the sum found by the jury, against both defendants. On January 11, 1950, defendants filed their Amended Motion for New Trial, which motion was submitted to the Court on January 27, 1950; and thereafter, on the 28th day of March, 1950, the Court concluded that it had erred in not having granted the motion of Mike Bland, to be dismissed from the case, and that he should then be dismissed on his Motion, Non Obstante Verdicto, and a judgment was entered on the 28th day of March, 1950, to that effect, but judgment was in all respects entered as against the defendant E. J. Miller (appellant) for the sum of money to correspond with the verdict of the jury; from which judgment, the defendant E. J. Miller (appellant) has appealed to this Court.

As the foregoing statement has indicated, this was a jury cause, wherein the Court rendered two judgments: The first one, in favor of Mrs. Permenter and her children, against both E. J. Miller and Mike Bland, as partners owning and operating the "Rainbow Nite Club," in part upon the jury's verdict in response to special issues submitted to the jury embodying what the Court then determined to be all the questions-of-fact raised by the pleadings and the evidence; the second one, setting aside the former judgment as to Mike Bland, in toto, relieving him of any liability thereunder, and revamping all the impositions of the first judgment as against E. J. Miller.

In this Court E. J. Miller alone presents an appeal from the second judgment as against Mrs. Permenter and her children, as appellees, whereas they, in turn, appeal from it, as against both E. J. Miller and Mike Bland.

After extended arguments from both sides, both oral and written, this Court concludes that the trial court erred in so rendering its second judgment, and therein nullifying the jury's original verdict against both E. J. Miller and Mike Bland, and thereby denying them any recovery against Mike Bland.

In other words, it is held that the record undisputedly shows that the cause-of-action was predicated by Mrs. Permenter and her children upon their stated averments that E. J. Miller and Mike Bland were partners in the ownership and operation of the night club, and the special issues originally submitted to the jury were in distinctive and progressive form based wholly upon that theory; i. e., special issue No. 1 inquired specifically whether or not "there was a partnership, if any, existing between the defendant, E. J. Miller and Mike Bland, on or about September, 1948, as concerns the Rainbow Nite Club, at the time and place in question;" all the succeeding issues were, in effect, made dependent upon such first one, and successively each and all were answered in favor of the appellees, the jury thereby determining that in so operating the night club,

Miller and Bland did so jointly and severally, which included their employment and maintenance, as a bouncer, thereat of "Chubby" Broussard, who was found to have inflicted the fatal injury from which W. L. Permenter, the husband and father of the appellees herein died. Wherefore, as seems to this Court, the trial court could not properly on the new-trial hearing, from which this appeal proceeds, completely nullify the jury's verdict as to either defendant in the original judgment, thereby, in effect, vacating the entire verdict, provided the evidence was sufficient to raise the issues-of-fact submitted to the jury and to sustain their findings thereon.

While the appellants–Permenters–here attack the second judgment so rendered in Bland's favor, on his motion for a new trial, on the ground that no notice was given them of such an intended or final action of the Court thereon, this Court is bound by the recitations in the judgment itself, and other parts of the record on this appeal to the same effect, reciting that such notice was given them. They are, therefore, precluded in that respect by new Rule 21a, Texas Rules Civil Procedure.

When the sufficiency of the evidence to raise such issue of partnership as affected Miller and Bland, as well as to sustain the jury's recited findings against them thereon, is looked to, this Court finds that there was not only ample evidence to raise such questions for the jury, but that it was further such that this Court would be unable to set the verdict thereon aside, as being against the great weight and preponderancy of the evidence.

The appellee, Mike Bland, on this appeal–further in support of the second judgment so releasing himself–contends through his counter-points that, under his denial upon oath that a partnership relation upon his part existed, the proof to the contrary went no further than to raise a mere surmise or suspicion of the existence of such a partnership, citing in support thereof such authorities as Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, and American Jurisprudence, Vol. 20, pg. 138, par. 86. And, hence, that the burden of proof, which remained upon the appellants to the end, was not met.

For the reasons given, however, this contention is overruled.

Neither, it is held, did the trial court err in overruling the original defendant, E. J. Miller's objections to the trial court's instructions and definitions; upon the contrary, as indicated supra, the cause-of-action for the damages originally awarded Mrs. Permenter and her children as a result of the death of her husband was a comparatively simple one, being based upon over-all averments that Miller and Bland were partners in ownership and operation of the night club involved, in connection with which they employed "Chubby" Broussard in at least a roust-about capacity thereat, that the latter while so acting, after having forcibly ousted Permenter from the club, on the outside thereof, at night, wrongfully struck Permenter on the head with his fists, or a blunt instrument, thereby fracturing his skull and causing his death.

The issues and instructions given the jury by the Court are not found by this Court to have reversibly gone beyond the established law governing such a simple relationship.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require that the second judgment of the trial court so rendered by it on March 28, 1950, dismissing Mike Bland from the cause be reversed, and that its first judgment, entered on the 21st day of December, 1949, against both E. J. Miller and Mike Bland, upon the jury's verdict in the cause, be affirmed. It will be so ordered.