**Jay KIRKMAN, Appellant,**

v.

**L. P. ALEXANDER et al., Appellees.**

No. 10297.

Court of Civil Appeals of Texas.

Austin.

May 18, 1955.

Rehearing Denied June 22, 1955.

Jay Kirkman, Coleman, for appellant.

Scarborough, Yates, Scarborough & Black, Beverly Tarpley, Abilene, Simpson, Clayton & Fullingim, Amarillo, for appellees.

GRAY, Justice.

L. P. Alexander sued appellant, Jay Kirkman, and others, as the owners of an oil and gas lease on land in Runnels County, and also as owners of an oil well drilling rig, tools, casing, other equipment and appurtenances located on said lease. He alleged that he had performed labor and services in connection with the drilling of an oil well on the said lease by virtue of a contract; that he had filed and fixed his lien for such labor and services, and prayed for judgment for his debt, for attorney's fees and for foreclosure of his lien. Various other persons and corporations were made parties to the suit as adverse claimants of liens.

Another suit was filed by J. P. Shelton against appellant and others with allegations similar to the allegations made in the above suit wherein he prayed for similar relief. Also H. K. Porter Company, Inc., filed a similar suit against appellant.

Various pleadings were filed in the above suits by parties defendant and cross plaintiffs. Additional parties were brought in by the cross plaintiffs. One such additional party was Western Mud Company, a corporation who was a defendant in the cross action filed by the First National Bank of Amarillo, Texas. The bank answered the above suits and as cross plaintiff sued appellant to recover on two promissory notes executed by him, payable to it and for foreclosure of a deed of trust lien securing the payment of said notes. Various other parties were made defendants in this cross action.

Western Mud Company answered the bank's cross action and as a cross plaintiff sued appellant to recover for oil well supplies furnished to appellant and to foreclose its alleged lien on the above lease and for attorney's fees. The total amount of money sued for by the Mud Company was less than $500.

Appellant filed answers to the several causes alleged against him. Such answers consisted of denials, special exceptions, pleas in abatement, a plea to the jurisdiction of the court and cross actions.

The causes were placed on the jury docket at appellant's request. They were set down for trial for July 20, 1953, and on June 17, 1953, the district clerk mailed the parties a letter relative to such setting.

On July 20, 1953, the causes were consolidated. No request for separate trials

appears to have been made and the trial court did not elect to order separate trials of any of the issues presented as he was authorized to do under Rule 174, Texas Rules of Civil Procedure.

On July 20, 1953, a trial to a jury was had which resulted in an instructed verdict in favor of the "Plaintiffs, Intervenors and cross defendants against the defendant, Jay Kirkman." This verdict proceeded to set out the amount of the recovery of each party. A judgment in accordance with this verdict was rendered with a foreclosure of liens as they existed on their respective dates. This judgment recited that named persons appeared in person and by attorneys and that:

"* * * the other parties in such suit having been cited to appear and answer therein in the manner and for the time required by law, and having entered their written answers or appearances herein and/or those parties who having been cited in the manner and for the length of time required by law failed to appear and answer herein but wholly made default, wholly failed to appear at the trial hereof, although notified in due time and in the manner required by law, but came not and said nothing."

Appellant was not present at the trial in person or by attorney, and he alone has appealed from the judgment overruling his motion for a new trial.

In his motion for new trial appellant complained and urges his point here that the notice of June 17, 1953, was insufficient and that he had no legal notice that the causes were set for trial for July 20, 1953.

█ The trial court's judgment as quoted supra recites that the parties were "notified in due time and in the manner required by law." Further appellant appeared and testified at the hearing on his motion for new trial. He stated he was not at home but was in Amarillo prior to July 20, 1953; that his mailing address was 300½ Eighth Street, Ballinger, Texas

(this appears to be the address to which the clerk's letter was sent); that he returned to Ballinger on Sunday, July 19; that he was away on Monday, July 20, and that he did not receive the notice until Tuesday, July 21. He said he had instructed the post office not to deliver his mail and that he left no forwarding address. Apparently he did not call for his mail July 20, and he did not say he left Ballinger before or after June 17. He did not say when he left for Amarillo. The trial court after hearing this evidence overruled the motion for new trial. We are bound by the recital of the judgment and the record before us. Miller v. Permenter, Tex.Civ.App., 234 S.W.2d 459, Er. ref. n. r. e.

Appellant complains that the trial court did not dispose of his special exceptions, pleas in abatement, sworn denials and a plea of payment. He argues that the judgment rendered was a default judgment.

The trial court's judgment recites that the pleadings, evidence and argument of counsel were heard, that the jury's verdict was received and that the court:

"* * * being of the opinion that judgment should be rendered, accordingly, for the respective parties in accordance with the law applicable herein."

Further the evidence heard at the trial is in a statement of facts before us.

█ Appellant having been properly notified of the setting of the case for trial and having fully answered (by written pleadings on file) the judgment as to him was not a default judgment. 25 Tex.Jur. p. 396, Secs. 33 and 34. For this reason the provisions of Rule 90, Texas Rules of Civil Procedure, apply and the special exceptions and pleas in abatement were waived. Rule 175, Texas Rules of Civil Procedure, provides that pleas in abatement shall be determined when the case is called for trial. However the pleas not having been brought to the attention of the trial court they were waived because:

"* * * the law imposes upon the party relying upon such a plea the duty of demanding the action of the court thereon at the time the statutes and rule above quoted require it to act in the particular case, and that his failure to do so is a waiver thereof." Aldridge v. Webb, 92 Tex. 122, 46 S.W. 224, 226.

■ Appellant's assignment relating to his plea of payment is not briefed and the same is waived. However this plea and also the sworn denial were disposed of by necessary implication by the judgment rendered.

■ Appellant says the trial court erred in not disposing of cross actions filed by him. It is true that the judgment did not expressly deny the cross actions, however the jury's verdict determined that plaintiffs, intervenors and cross defendants (appellant not named as either) were entitled to recover stated amounts against appellant and the judgment awarded them such recoveries. Although the judgment is silent as to appellant's cross action we think it disposed of all litigants by necessary implication.

Appellant filed three separate cross actions whereby he sued the Western Mud Company, H. K. Porter Company, Inc. and J. C. Holland. He alleged that these parties asserted invalid liens against the lease in question thereby clouding the title to the lease and that he suffered damages by reason thereof. In the first two of the above cross actions he alleged that he was the owner of the lease in question and in the third that he was part owner but prayed that he recover judgment for the alleged damages. The trial court found that appellant was indebted to each of the above parties; that they each held a valid subsisting statutory lien against the lease in question securing the indebtedness and awarded them a judgment for their debt and foreclosure of their liens. This amounted to a denial of the cross actions and, in any event, precluded any recovery of damages on the allegations therein contained.

In Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161, 1163, the court quoted, with approval, Freeman on Judgments, Sec. 279, note 1, as follows:

"'There is no doubt that if a set-off is presented by defendant in his pleadings, and attempted to be supported by evidence to the jury, it will, whether allowed or disallowed, become res judicata. It is settled by the judgment as conclusively, when it does not appear to have been allowed, as though there were an express finding against it.'"

In the above cause the court further said:

"However, we feel impelled to say, also, that we think that, as a matter of practice, and to avoid confusion, every final judgment should plainly, explicitly, and specifically dispose of each and every party to the cause, and of each and every issue therein presented by the pleadings."

We hold that appellant's cross actions were disposed of by necessary implication. Bennett v. Copeland, 149 Tex. 474, 235 S.W.2d 605. Laros v. Hartman, 152 Tex. 518, 260 S.W.2d 592.

■ The First National Bank of Amarillo, Texas, in its cross action on its notes and deed of trust lien supra brought in Western Mud Company, a corporation, as an adverse claimant of a lien. The Mud Company answered this pleading and in a cross action against appellant sued to recover for materials and supplies furnished him, for attorney's fees and for foreclosure of its materialman's and mechanic's lien. The indebtedness alleged was less than $500 for which reason appellant says the trial court did not have jurisdiction to render judgment against him on the claim.

The lien asserted by the Mud Company was on the lease described in the Amarillo Bank's deed of trust. The leasehold estate against which the lien was claimed by the Mud Company was real property and the jurisdiction of a suit for its foreclosure was in the district court which jurisdic-

tion was not affected by the fact that the amount of the claimed indebtedness was less than $500. 31–A Tex.Jur. p. 905, Sec. 524; 11 Tex.Jur. p. 921, Sec. 141.

■ It is not disputed that the district court had jurisdiction of the claims of the Amarillo Bank. However in order for the trial court to adjudicate the question of the priority of the Bank's lien it was necessary to adjudicate the status of the lien claimed by the Mud Company in order to bind that Company. No request for separate trials was made and the court proceeded to hear all claims at a joint hearing. His action in so doing, we think, was authorized by Rules 174, 97 and 43, Texas Rules of Civil Procedure.

■ Appellant says that fundamental error is shown by the action of the trial court: in instructing a verdict; in rendering a judgment against him in favor of named parties; in rendering a judgment which does not dispose of all parties before the court, and in rendering judgment on the instructed verdict which did not state the amount of the indebtedness due to one party (J. P. Shelton) by appellant.

Appellant's brief on the above contentions does not comply with the rules of briefing. Rule 418, Texas Rules of Civil Procedure. However we have examined the record before us to determine whether fundamental error as that term is defined by our Supreme Court is reflected. In Ramsey v. Dunlop, 146 Tex. 196, 205 S.W. 2d 979, 983, the term is defined as "an error which directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state, is a fundamental error."

An instructed verdict is authorized when the evidence leaves no disputed issues of fact to be determined by the jury. There is no dispute in the evidence as to the various claims of indebtedness against appellant and some evidence was introduced as to the amount of such claims. We have already said that the judgment rendered, by necessary implication, disposed of appellant's cross actions, and, because no re-

covery was allowed for or against any party not named in the judgment, it must be said that by necessary implication the judgment disposed of such parties if they were before the court.

The verdict of the jury found the indebtedness due by appellant to J. P. Shelton to be $2,411.45, and as to the lien claimed by him found "The indebtedness of J. P. Shelton, secured by a Mechanics and Materialmen's lien filed for record in this county."

The judgment of the trial court awarded Shelton a recovery against appellant for $2,411.45, interest from date of judgment and foreclosure of his statutory lien as it existed on September 28, 1950.

None of the errors asserted by appellant to be fundamental come within the meaning of that term as above defined by our Supreme Court.

The judgment of the trial court is affirmed.

Affirmed.