JIMMY STOCKDALE ET AL V. STATE

No. 33,786. November 22, 1961

*P. P. Ballowe,* Dallas, for appellants.

*Henry Wade,* Criminal District Attorney, *James M. Williamson,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is an appeal by E. Colley Sullivan, as surety upon the appearance bond of Jimmy Stockdale, from a final judgment of

the County Criminal Court No. 2 of Dallas County, forfeiting said bond.

The bond dated September 22, 1960, in the penal sum of $300 was conditioned that the principal appear instanter in County Criminal Court No. 2 of Dallas County to answer a misdemeanor charge.

Judgment nisi was entered on March 30, 1961. Citation was issued on April 4, 1961, directed to the sheriff or any constable of Dallas County, Texas, commanding said officer to summon the said E. Colley Sullivan, as surety, to be and appear before the County Criminal Court No. 2 of Dallas County, at the next term thereof to show cause why said forfeiture should not be made final. The sheriff's return thereon recites that the same was executed "by delivering to the within defendant-surety, to wit: E. Colley Sullivan, at 2:35 o'clock P.M., April 7, 1961, in person, a true-copy of this citation."

Final judgment by default was rendered against the principal and appellant-surety on May 26, 1961.

Appellant insists that the court erred in rendering the final judgment against him because the officer's return on the citation failed to show the date appellant was served with citation and for the further reason that the judgment by default was based upon an amended citation and it was not shown that notice of the proposed amendment had been served upon the appellant.

The officer's return on the citation, as above set out certifies that it was served upon the appellant on April 7, 1961.

There is no showing that the citation was amended. The record does reflect that a motion was filed by the state for permission to amend the officer's return on the citation to show that it was served on April 7, 1961. Such an amendment is authorozed by Art. 435, V.A.C.C.P., and Rule 118, T.R.C.P. The final judgment entered by the court in the cause recites that the motion to amend the officer's return was considered and granted after due notice had been given to the appellant-surety. This Court is bound by the recitations in the court's judgment. Miller v. Permenter, 234 S.W. 2d 459, Civ. App. 1950, Ref. N.R.E.

Under the record, the appellant's contentions are without merit.

The judgment is affirmed.

Appellant having superseded the judgment by supersedeas bond, judgment is rendered against the sureties on said supersedeas bond for the performance of the judgment herein affirmed.

Opinion approved by the Court.