**FARMERS AND STOCKMENS' BANK OF CLAYTON, Appellant,**

v.

**John WHITE and Joe Nisbett, Appellees.**

**No. 7877.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 28, 1968.

Davis & David, and Bob D. Slough, Dalhart, for appellant.

Fike, Hunter & Schultz, Dalhart, King Fike, Dalhart, of counsel, for appellees.

NORTHCUTT, Justice.

This is a summary judgment case. Farmers and Stockmens' Bank of Clayton, hereinafter referred to as appellant, sued Rex Loftis on a note in the amount of $3,073.11 plus interest and attorneys' fees, and sought to foreclose a lien against harvested maize and other personal property. John White and Joe Nisbett, hereinafter referred to as appellees, intervened and sought to collect on a past due note signed by Loftis in the amount of $4,612.50 plus interest and attorneys' fees and sought to enforce their mortgage lien against the same harvested maize that appellant sought to foreclose upon. The harvested maize had been sold and from the proceeds of the sale of such maize appellant had received $22,204.75. A summary judgment was granted for appellees against appellant and Loftis for the amount of the note and accrued interest. After hearing the evidence as to the amount of attorneys' fees that appellees were entitled to recover, final judgment was entered for appellees against appellant and Loftis for the amount of the note, interest and attorneys' fees. From that judgment appellant perfected this appeal. Loftis did not appeal.

It is appellant's main contention that the trial court erred in granting a summary judgment in this case as there was no notice to the defendant Loftis of the appellees' motion for summary judgment and that the judgment against appellant was contingent upon the lien and claim of the appellee being valid as to Loftis.

■ The summary judgment recited "It appearing that such motion has been made in proper form and time, that proper service thereof has been made in proper form and time, that proper service thereof has been made and that the parties are before the court for a hearing thereon * * *." If Loftis was not served with notice of the motion, there is nothing in the record to show he did not appear or that the matter was called to the attention of the court by appellant. Loftis did not appeal from the summary judgment. He admitted he executed the instrument sued upon by the appellees, being the note and mortgage, and further admitted that the same had never been paid. The judgment entered by the court recites as above stated motion was made in proper form and time; that the proper service thereof had been made and that the parties were before the court for a hearing thereon. This court is bound by

the recitations in the court's judgment. Kirkman v. Alexander et al., Tex.Civ.App., 280 S.W.2d 365 (n.r.e.); Stockdale v. State of Texas, 171 Tex.Cr.R. 439, 351 S. W.2d 245; Miller et al. v. Permenter et al., Tex.Civ.App., 234 S.W.2d 459 (n.r.e.).

Appellees, since they had a mortgage on maize to secure their note, sought judgment against appellant because appellant had directed Loftis to sell the maize and deliver the proceeds to appellant which was done and the proceeds received by appellant.

Appellees filed their motions for summary judgment alleging there was no genuine issue as to any material fact and that appellees were entitled to a judgment. Appellees attached their affidavit in support of their motion stating, inter alia, that Mrs. Loftis called appellee, White, by telephone and stated they needed to insure their maize crop against loss by hail and inquired as to whether or not he could come and visit about it. White went out and discussed the matter of appellees writing crop hail insurance on the Loftis maize crop. Loftis asked White whether or not the insurance could be written on a note and mortgage basis, and White told him that it could. White inquired of Loftis whether or not there was a mortgage on the crop and Loftis stated that he· was doing banking with appellant. White asked Loftis if he minded if he could call the bank and Loftis agreed for White to call the bank. White called the bank from Loftis's home and talked to Mr. Chilcote and informed Chilcote that Loftis wanted hail insurance coverage for his maize crop in the amount of $75.00 an acre, and that White would have to take a note and mortgage for the premium and Chilcote replied, "Well, he has a good crop and he ought to be able to pay it out of the crop." After returning to Dalhart, White again called Chilcote by telephone and inquired about how Loftis was obligated to the Clayton bank and that White was concerned about Loftis's ability to pay the premium for the crop hail insurance, and Chilcote replied,

"Well, he ought to be able to pay it", and that Chilcote would send White a photostat of the list of mortgages given by Loftis as he had just ordered a copy; that when the copy of the list of mortgages given by Loftis arrived as to the purported mortgages to the bank on the maize of Loftis, it showed in brief the same information as set out in Exhibit "A" attached to appellant's petition. Exhibit "A" was a mortgage to secure the same note sued upon herein by appellant in the sum of $3,073.11 and was the only note shown.

In answer to requests for admission of facts and genuineness of documents, Loftis admitted that appellant required him to secure crop hail insurance on the maize crop; that because appellant breached its contract with him, and in attempting to protect himself, he sold approximately $9,-000.00 worth of the maize and that the remaining maize was sold and that appellant required him to endorse the check and deliver it to appellant in the approximate total sum of $25,000.00, and that no part of the obligation represented by appellees' note and mortgage had been paid. Loftis further admitted that the premium evidenced by the note and mortgage attached to appellee's petition and signed by him represented a lawful charge against him but was to have been paid by appellant according to his agreement with appellant.

In answer to requests for admission of facts and genuineness of documents, appellant admitted it required Loftis to sell the balance of the maize after Loftis had sold over $9,000.00 of the maize for his own use and that appellant received $22,204.75 from the maize sold.

■ Appellant, in its controverting affidavit of appellees' motion for summary judgment, does not controvert any fact contained in the pleadings of appellees or in appellees' affidavit as to the facts covered by the appellees' affidavit; but states that appellees were attempting to sue on a cause of action which was in direct violation of Art. 3995, Vernon's Ann.Texas

Civil Statutes requiring a contract in writing to charge any person upon a promise to answer for the debt, default or miscarriage of another. The first time appellant ever contended there was a fact issue to be resolved by the trier of facts was in his supplemental brief in replying to appellees' brief and filed herein.

This is not a case where the appellees are contending appellant promised to answer for the payment of the Loftis note. Appellees sought to collect the full amount of the note, executed by Loftis, as against appellant and Loftis, claiming appellant collected $22,204.75 from the sale of Loftis's maize, that appellees had a mortgage upon, and converted the same to its own use although appellant informed appellee that it claimed a mortgage against such maize to the extent of only $3,073.11. Appellant did not plead or contend at this hearing that Loftis owed anything to the appellant other than the note sued upon in the total sum of $3,073.11.

■ The appellees filed their request under Rule 169, Texas Rules of Civil Procedure for admission of facts and genuineness of documents including the material allegations contained in appellees' cross petition and intervention. The appellant in response to appellees' request for admission of facts acknowledged that it required Loftis to sell the balance of his maize and that it received $22,204.75 from the sale of such maize. After the answers to the request for admission of facts were filed, appellees filed their motion for summary judgment and attached thereto the affidavit of appellee White in support of the motion. The affidavit setting out certain facts, as above mentioned, and also affirming all matters set out in appellees' petition. Appellants' controverting affidavit to intervenor's motion for summary judgment does not deny the facts set out in said motion and affidavit. Appellees' motion for summary judgment was supported by affidavit sufficient to establish facts which, if proved at the trial, would have entitled the appellees to an instructed verdict. The facts shown established that appellant led the appellees to believe that the only indebtedness owed by Loftis to appellant under its mortgage was the sum of $3,073.11 before the appellees would execute the insurance and accept the Loftis note and mortgage in payment of the insurance premium. The facts, shown in the affidavit for summary judgment, required appellant to present opposing evidentiary data raising an issue as to such material fact or to excuse appellant from not doing so. Appellant did not take the required action but attempted to rely upon the theory that appellees could not recover because of Art. 3995, Texas Civil Statutes. Therefore, the court did not err in accepting the facts shown by appellees' affidavit as true and in granting appellees' motion for summary judgment. Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364; Campbell v. Liberty Mutual Ins. Co., Tex.Civ.App., 378 S.W.2d 354 (n. r. e.); Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 and Smith v. Campbell, Tex.Civ.App., 361 S.W.2d 462. We have carefully considered all of appellant's contentions herein and overrule all of them. Judgment of the trial court is affirmed.