TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00212-CV






In the Matter of J. M. L.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-19,591, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Appellant J.M.L. ("appellant") appeals from an order of the district court assessing
a seven-year determinate sentence for delinquent conduct and seeks remand for a new disposition
hearing. We will affirm.


BACKGROUND


 The following facts are uncontested. On October 5, 1999, appellant, a sixteen-
year-old high school dropout, trespassed onto the campus of his former school while possessing
a pistol. By his own admission, appellant had consumed vodka and smoked marihuana. Later that
evening, appellant shot Michael Robichaux in the leg with a rifle. At the time of the shooting,
appellant had been without parental supervision for over twenty-four hours.

 On November 29, 1999, the State filed its Original Petition Alleging Delinquent
Conduct ("Petition #1") under Cause Number 19,591. In that petition, the State alleged three basic
complaints constituting delinquent conduct. First, by "using a firearm, a deadly weapon,
knowingly, intentionally, and recklessly caus[ing] bodily injury to Michael Robichaux, by shooting
him," appellant had violated section 22.02 of the Texas Penal Code (Aggravated Assault with a
Deadly Weapon). Second, by "intentionally, knowingly, or recklessly, possess[ing] and go[ing]
with a firearm on the physical premises of a school, an educational institution, not pursuant to
written regulations and written authorization of the institution," appellant had violated section
46.03 of the Texas Penal Code (Places Weapons Prohibited). Third, by "knowingly, intentionally,
and recklessly caus[ing] serious bodily injury to Michael Robichaux by shooting him with a
firearm, a deadly weapon," appellant had violated section 22.05 of the Texas Penal Code
(Aggravated Assault). The State alleged that all of the offenses were punishable by imprisonment,
but sought in its disposition request that should the juvenile be adjudged delinquent, "such
disposition of care, control, and custody of said child be made as to the Court appears just and
proper." See Tex. Fam. Code Ann. § 54.04(a)-(d) (West Supp. 2000).

 On January 11, 2000, the State filed its Original Petition Alleging Delinquent
Conduct Seeking A Determinate Sentence ("Petition #2") under the same cause number. In that
petition, the State alleged identical complaints of aggravated assault and aggravated assault with
a deadly weapon, but did not allege that appellant took a weapon onto a prohibited place. The
State primarily sought a different remedy for the offenses. In Petition #2, the State requested that
upon being adjudged delinquent, the juvenile "be committed to the care, custody and control of
Texas Youth Commission with a possible transfer to the Institutional Division of the Texas
Department of Criminal Justice for a term of years not to exceed forty years," which is known as
a determinate sentence. A determinate sentence is one in which a juvenile is committed to the
Texas Youth Commission ("TYC") for a period of time and may be transferred to the Texas
Department of Criminal Justice to complete his sentence dependent on the outcome of a hearing
that occurs sometime between his sixteenth and twenty-first birthdays. See Tex. Hum. Res. Code
Ann. §§ 61.079, .084 (West Supp. 2000); Tex. Fam. Code Ann. § 54.11 (West 1996).

 On February 28, 2000, the district court, acting as a juvenile court, adjudicated
appellant guilty of delinquent conduct. The court found that appellant had engaged in delinquent
conduct by committing the offense of aggravated assault with a deadly weapon by recklessly
shooting Michael Robichaux. The disposition hearing was held the same day. Upon completion
of the disposition hearing, the district court assessed appellant a seven-year determinate sentence
and committed him initially to the TYC.

 Appellant contends that the district court (1) failed to make the findings required
by the Texas Family Code to support a determinate sentence, see Tex. Fam. Code Ann.
§ 54.04(i); and (2) lacked the authority to assess a determinate sentence because the petition
seeking such a sentence was not properly presented to or approved by the grand jury, see Tex.
Fam. Code Ann. § 53.045 (West Supp. 2000).


DISCUSSION

Findings to Support Appellant's Removal from Home

 In order to commit a juvenile to TYC, the trial court must include findings in its
order of commitment that: 

(1) it is in the child's best interest to be placed outside the child's home; (2)
reasonable efforts were made to prevent or eliminate the need for the child's
removal from the home and to make it possible for the child to return to the child's
home; and (3) the child, in the child's home, cannot be provided the quality of care
and level of support and supervision that the child needs to meet the conditions of
probation.



Tex. Fam. Code Ann. § 54.04(i). Although the trial court made these findings, appellant argues
that the evidence was legally and factually insufficient to support committing him to TYC, and
thus that the trial court abused its discretion. See id. Appellant contends that no evidence was
presented at trial supporting the second and third required findings and that the evidence regarding
the first finding was factually insufficient.

 We discussed the interrelation between legal and factual sufficiency and abuse of
discretion in In Re C.C., 13 S.W.3d 854 (Tex. App.--Austin 2000). This Court applies the
criminal standard of review in deciding the legal sufficiency of the evidence in juvenile cases, and
"we view the evidence in the light most favorable to the finding and determine whether any
rational trier of fact could have found the elements of the requirement proven beyond a reasonable
doubt." Id. at 858 (citation omitted). In reviewing factual sufficiency, we must consider and
weigh all of the evidence and should set aside the judgment only if the evidence is so weak as to
be manifestly unjust. Id. at 859. The juvenile court's discretion to determine a suitable
disposition attaches once it properly makes the findings under section 54.04 of the Texas Family
Code. Id.

 We will not disturb the juvenile court's findings absent a showing of abuse of
discretion. In re M.S., 940 S.W.2d 789, 791 (Tex. App.--Austin, 1997, no writ). A trial court
abuses its discretion only when it acts in an unreasonable and arbitrary manner, or when it acts
without reference to any guiding principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). This Court may not reverse for
abuse of discretion merely because we disagree with a decision of the trial court. Id. at 242.

 At the disposition hearing, conflicting evidence was introduced as to whether
appellant should be removed from his home and committed to TYC. Appellant's witnesses
testified that he was considerate, polite, and considered a member of the family in his friends'
homes. Appellant also presented evidence that he and his mother had a close relationship. 
Additionally, his probation officer testified that appellant had complied with all of his probation
requirements. On the other hand, the State's witnesses testified that appellant had a previous
history of possessing weapons, using drugs and alcohol, and making threats against others. 
Evidence was also introduced that appellant's mother and step-father owned a business that
required most of their time and which left appellant unsupervised for long periods of time. 
Furthermore, the State presented testimony describing appellant's poor attendance record at
school, failure to complete academic requirements, and his mother's refusal to meet with school
officials before withdrawing him from the campus.

 Additionally, appellant complains that the district court's use of boilerplate language
in its order of commitment supports the argument of legal and factual insufficiency. We disagree. 
The Texas Family Code mandates that the court's order specifically list its reasons for the
disposition. See Tex. Fam. Code Ann. § 54.04(f) (West Supp. 2000). However, this Court has
interpreted that language to require that, "the court include in its order the determination that the
requirements are met. . . . The Code does not require the court to explain the evidentiary support
for the conclusions in its order." In the Matter of M.S., 940 S.W.2d 789, 792 (Tex. App.--Austin
1997, no writ). We have reviewed the evidence presented at the hearing and find it to be both
legally and factually sufficient.

 Appellant cites In the Matter of J.S., 993 S.W.2d 370 (Tex. App.--San Antonio
1999, no pet.), to support reversal. In that case, the appeals court reversed the trial court
judgment imposing a determinate sentence because there was no evidence that J.S.'s father could
not provide the quality of care and level of support and supervision that the child needed to meet
the conditions of probation. See Tex. Fam. Code Ann. § 54.04(i)(3) (West Supp. 2000). In J.S., 
the child lived with his aunt at the time of his delinquent conduct, but subsequently resided with
his father and stepmother, who were able to provide a structured environment. This case presents
very different facts. There is no evidence that appellant's parents have provided a more structured
environment since the time of the offense, and witness testimony at the hearing indicated
inadequate parental support, supervision, and guidance for appellant.

 In light of the evidence in the record, the trial court's findings and resulting
sentence were not arbitrary or unreasonable. See Downer, 701 S.W.2d at 242. Thus, the trial
court did not abuse its discretion. We overrule appellant's first issue.


Grand Jury Presentment and Approval

 Whenever the State seeks a determinate sentence as disposition for a juvenile's
delinquent conduct, it must present a petition seeking such disposition to, and receive approval
from, the grand jury. Tex. Fam. Code Ann. § 54.04(d)(3) (West Supp. 2000). Grand jury
approval of such a petition must be certified to the juvenile court and entered into the record. Id.
§ 53.045(d) (West 1996). In these cases, the grand jury approves the petition "in the same manner
that the grand jury votes on the presentment of an indictment." Id. § 53.045(b). This serves to
extend protections to juveniles parallel to those afforded adults facing criminal prosecution. This
process is in place to strike a balance between the criminal system, in which the goal is to protect
society from persons who have committed crimes, and the juvenile system, in which the primary
purpose is to provide for the physical and mental care, protection and development of children
coming within its provisions. See id. § 51.01(3); In the Matter of R.L.H. 771 S.W.2d 697, 701
(Tex. App.--Austin 1989, writ denied).

 A Certificate of Approval of Juvenile Petition by Grand Jury ("Presentment
Document") appears in the record, in which the foreperson of the grand jury certified that the
petition had been presented to the grand jury and approved on December 30, 1999. The
foreperson also indicated in writing that the petition presented had been filed on December 30,
1999. However, the State filed Petition #1 on November 29, 1999 and filed Petition #2 on
January 11, 2000. From this, appellant argues that there is no evidence in the record that Petition
#2 was ever presented to the grand jury as required by statute. We disagree.

 While it is correct that there is no petition in this record that was filed on December
30, 1999, that fact alone does not establish that Petition #2 was never presented to the grand jury. 
Indeed, all the evidence is to the contrary. The presentment document had within it several fill-in-the-blank dates to be completed by the foreperson of the grand jury. One of these dates consisted
of the date the presentment document was actually signed by the foreperson of the grand jury. 
Another date to be filled in was the file date of the petition being considered for approval by the
grand jury. Evidently, the foreperson mistakenly entered the same date in both blanks on the
presentment document.

 This conclusion is corroborated when one considers the factual elements of the
petitions alongside the presentment document itself. There were only two petitions filed under the
same cause number, both of which alleged the same assaultive conduct. The two petitions were
almost identical except that Petition #1 sought an indeterminate sentence while Petition #2 sought
a determinate sentence, and Petition #2 omitted the allegation of carrying a weapon in a prohibited
place. The December 30, 1999 presentment to the grand jury occurred between the November
29, 1999 filing date for Petition #1 and the January 11, 2000 filing date for Petition #2. However,
there was no requirement that the State seek grand jury approval of Petition #1 because it sought
only an indeterminate sentence.

 Furthermore, there is no absolute requirement in section 53.045 of the Texas
Family Code that a petition seeking a determinate sentence be filed before the grand jury can
approve it, especially in the unique factual situation where a juvenile proceeding is already on file. 
The record conclusively establishes that the petition being considered by the grand jury sought
a determinate sentence for the same assaultive conduct described in the two petitions. Since
Petition #2 was the only petition filed in this case that sought a determinate sentence, the
conclusion is inescapable that the petition the grand jury considered was Petition #2. The trial
court's Judgment of Adjudication reflects this conclusion by stating that the cause had been
brought "by proper petition, approved by the Grand Jury under Section 53.045 of the Texas Family
Code" (emphasis added). This Court is bound to accept such recitations in the judgment as true. 
See Kirkman v. Alexander, 280 S.W.2d 365, 367 (Tex. Civ. App.--Austin 1955, writ ref'd n.r.e.);
Miller v. Permenter, 234 S.W.2d 459, 461 (Tex. Civ. App.--Galveston 1950, writ ref'd n.r.e.).

 Grand jury presentment and approval are mandatory when a juvenile faces the
possibility of transfer to the Texas Department of Criminal Justice. We conclude that presentment
and approval occurred in this case. The argument that the offense was not presented and approved
by the grand jury is not supported by the evidence. We overrule appellant's second issue.


CONCLUSION

 Having overruled all of appellant's issues, we affirm the judgment of the district
court.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: November 2, 2000

Do Not Publish



3.045(d) (West 1996). In these cases, the grand jury approves the petition "in the same manner
that the grand jury votes on the presentment of an indictment." Id. § 53.045(b). This serves to
extend protections to juveniles parallel to those afforded adults facing criminal prosecution. This
process is in place to strike a balance between the criminal system, in which the goal is to protect
society from persons who have committed crimes, and the juvenile system, in which the primary
purpose is to provide for the physical and mental care, protection and development of children
coming within its provisions. See id. § 51.01(3); In the Matter of R.L.H. 771 S.W.2d 697, 701
(Tex. App.--Austin 1989, writ denied).

 A Certificate of Approval of Juvenile Petition by Grand Jury ("Presentment
Document") appears in the record, in which the foreperson of the grand jury certified that the
petition had been presented to the grand jury and approved on December 30, 1999. The
foreperson also indicated in writing that the petition presented had been filed on December 30,
1999. However, the State filed Petition #1 on November 29, 1999 and filed Petition #2 on
January 11, 2000. From this, appellant argues that there is no evidence in the record that Petition
#2 was ever presented to the grand jury as required by statute. We disagree.

 While it is correct that there is no petition in this record that was filed on December
30, 1999, that fact alone does not establish that Petition #2 was never presented to the grand jury. 
Indeed, all the evidence is to the contrary. The presentment document had within it several fill-in-the-blank dates to be completed by the foreperson of the grand jury. One of these dates consisted
of the date the presentment document was actually signed by the foreperson of the grand jury. 
Another date to be filled in was the file date of the petition being considered for approval by the
grand jury. Evidently, the foreperson mistakenly entered the same date in both blanks on the
presentment document.

 This conclusion is corroborated when one considers the factual elements of the
petitions alongside the presentment document itself. There were only two petitions filed under the
same cause number, both of which alleged the same assaultive conduct. The two petitions were
almost identical except that Petition #1 sought an indeterminate sentence while Petition #2 sought
a determinate sentence, and Petition #2 omitted the allegation of carrying a weapon in a prohibited
place. The December 30, 1999 presentment to the grand jury occurred between the November
29, 1999 filing date for Petition #1 and the January 11, 2000 filing date for Petition #2. However,
there was no requirement that the State seek grand jury approval of Petition #1 because it sought
only an indeterminate sentence.

 Furthermore, there is no absolute requirement in section 53.045 of the Texas
Family Code that a petition seeking a determinate sentence be filed before the grand jury can
approve it, especially in the unique factual situation where a juvenile proceeding is already on fil